## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| The Lincoln Electric Company, et al., ) | Case No. 1:09 CV 1844, 1:09 CV 1858 |
| ) | 1:09 CV 1869, 1: 09 CV 1886 |
| ) | |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Atlantic China Welding Consumables, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motions to Stay the Proceedings pursuant

to 28 U.S.C. §1659 pending completion of the proceedings pending before the United States

International Trade Commission (the "ITC") in Case Number 09 CV 1844. (ECF #22, 26, 27,

42)[1] The 1844[2] action is a parallel proceeding to a proceeding before the ITC pursuant to Section

337 of the Tariff Act of 1930, 19 U.S.C. § 1337, against the some of the same defendants

involving the same patents. In the 1844 action, Plaintiffs assert that defendants have infringed six

United States patents owned by Lincoln. All of the patents generally relate to bulk packaged

---

[1]Subsequent to the filing of these motions to stay, Plaintiffs Lincoln Electric Company and Lincoln Global, Inc. have dismissed their claims against the following defendants: Atlantic China Welding Consumables, Inc., ESAB AB, ESAB Asia/Pacific PTE, Ltd. and Hyundai Welding Products, Inc. The remaining defendants are ESAB Group Inc., Kiswel, Ltd, Kiswel Co., Ltd, Kiswel, Inc., Kiswel, USA, Inc., and Sidergas SpA.

[2]Plaintiffs have filed six actions in this Court. Four of the actions remain pending. For ease of citation, the Court will refer to the separate cases by the last four numbers of their case numbers. Thus case number 09 CV 1844 will be referred to as the 1844 action; 09 CV 1858 will be referred to as the 1858 action; 09 CV 1869 will be referred to as the 1869 action; and, 09 CV 1886 will be referred to as the 1886 action.

consumable wire products used in welding processes. Lincoln filed the 1844 action in this Court

on the same day as it initiated a complaint with the ITC asserting the identical six patents against

many of the defendants named in the 1844 action. The ITC formally instituted the Section 337

investigation on September 2, 2009 and the Administrative Law Judge in the ITC proceeding has

set August 9, 2010 as the target date for completion of his initial determination in the

proceedings and December 7, 2010 as the target date for completion of the investigation in its

entirety. The ALJ also set a trial date of April 5, 2010.

The defendants move this Court for imposition of the automatic stay required by 28

U.S.C. § 1659. Section 1659 provides that a respondent in an ITC investigation is entitled to an

automatic stay in parallel district court litigation as a matter of right with respect to any claim

that involves the same issues involved in a proceeding before the ITC, until the ITC proceeding

is completed. The stay is non-discretionary. Plaintiffs have filed a notice stating that they do not

oppose the motions for mandatory stay of the 1844 action pursuant to § 1659. In as much as a

stay is mandatory, the parties will not be prejudiced by the Court's election to dismiss this action

without prejudice with leave to reinstate the action within 60 days of the conclusion of the ITC

proceeding if all of the issues have not been resolved by the ITC.

Plaintiffs Lincoln Electric Company and Lincoln Global, Inc. have filed three additional

patent actions against combinations of the same defendants in the 09 CV 1844 action, as well as

one defendant not named in the 1844 action. The defendants in these three actions, 09 CV 1858,

09 CV 1869 and 09 CV 1886 have filed motions for the imposition of a discretionary stay

because the issues and the products involved in the other three actions are related to the issues

and products in the ITC proceeding, although different patents are alleged in the 1858, 1869 and

2

1886 actions. The defendants have moved for a stay of these cases pursuant to the court's inherent power to stay cases before it. It is within the discretion of the court to stay proceedings pending the resolution of other suits. *See Sandisk Corp. v. Phison Electronics Corp., et al.,* 538 F.Supp.2d 1060, 1066-67 *(W.D. Wis. 2008) citing Cherokee Nation of Oklahoma v. United States,* 124 F.3d 1413, 1416 (Fed.Cir.1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis,* 299 U.S. at 254, 57 S.Ct. 163. The court's power to stay cases before it is not boundless. A stay that is so extensive as to be "immoderate" is an abuse of discretion. *Cherokee Nation,* 124 F.3d at 1416 (citing *Landis,* 299 U.S. at 257, 57 S.Ct. 163). Moreover, if the stay requested is indefinite, the court must "first identify a pressing need for the stay." *Id.* The general test for imposing a stay requires the court to "balance interests favoring a stay against interests frustrated by the action" in light of the "court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation,* 124 F.3d at 1416 (citing *Landis,* 299 U.S. at 255, 57 S.Ct. 163).

The Court heard oral argument on these motions for discretionary stays on November 18, 2009. Moving first to the 1858 action, Lincoln asserts a patent infringement claim against Defendant Sidergas SpA alleging infringement of one additional U.S. patent, U.S. Patent 6,745,899 ("the '899 patent"), entitled "Wire Payout." As in the ITC proceeding, the '899 patent is also directed to a packaged consumable welding wire product. In addition, Lincoln's infringement allegations under all of the asserted patent rights are directed against the same accused products, Sidergas's "ProStar by Praxair PAC 330" and "Prostar by Praxair PAC

3

990" and "ProStar by Praxair PAC 1200" commercial welding wire products. Sidergas contends that the commonality of issues, commonality of accused products and overlap of anticipated documentary and testimonial evidence support the entrance of a stay in the 1858 action until the ITC proceeding is concluded.

Lincoln opposes a stay contending that the ITC may take up to five years to complete the action and that the patents involved in the ITC and 1844 cases are not in the same patent family or related to the patents in the 1858 case. Thus, Lincoln contends that discovery would not overlap and such an extreme delay could compromise Lincoln's ability to obtain discovery once the stay is lifted. However, as noted above, the ITC proceeding is proceeding on an expedited basis with trial scheduled in April 2010 with December 7, 2010 targeted as the completion date for the entire investigation. Accordingly, the stay would be for a year or less. While the patents at issue may not be from the same patent family, they concern the same products produced by Sidergas and Sidergas has noted that discovery requested in the ITC proceeding is similar to that requested in the 1858 case. The Court further finds that it is likely that the parties and or the issues in the 1858 case as well as the 1869 case will be narrowed or even eliminated as a result of the ITC proceedings. Thus, balancing the interests in favor of a stay against the possible prejudice to Plaintiffs, the Court finds that entering a discretionary stay in the 1858 case until the conclusion of the ITC proceeding is appropriate. As in the case of the mandatory stay in the 1844 action, the 1858 action will be dismissed without prejudice with leave for Plaintiffs to re-instate the action, if necessary, within 60 days of the conclusion of the ITC proceeding.

In the 1869 action, Lincoln Electric Company and Lincoln Global, Inc. have asserted

4

patent infringement claim against The ESAB Group, Inc., ESAB AB and ESAB Asia/Pacific

PTE, Ltd. alleging the infringement of an additional patent, U.S. Patent 7,222,734 (the "'734'

patent), entitled "Welding Wire Package with Lifting Strap." Plaintiffs have since dismissed

defendants ESAB AB and ESAB Asia/Pacific PTE, Ltd. Defendant The ESAB Group asserts

that the Lincoln's infringement allegations under all of the asserted patent rights in the ITC

proceeding, the 1844 action and the 1869 action are directed against the same accused

commercial product, the "Marathon Pac" bulk packaged consumable wire product sold by the

ESAB Group. As a result, ESAB contends that discovery in the ITC proceeding will involve

many of the same witnesses and factual issues that overlap with the issues involved in the 1869

action, despite the fact that the patents are not identical. ESAB submits that it should not be

subjected to multiplied discovery requests and related proceedings at the same time as it is

required to defend the parallel proceedings in the ITC.

As it argued with respect to the 1858 action, Lincoln argues that imposing a stay will

delay this action up to five years and frustrate discovery and the resolution of the claims to the

prejudice of Plaintiffs. However, the Court finds compelling ESAB's argument that issues that

may overlap the 1869 action will be resolved in the ITC proceeding and that Lincoln will

obtain meaningful discovery related to the prior art status of the ESAB Group's products at

issue in the ITC proceeding. Accordingly, after balancing the interests in favor of a stay

against possible prejudice to Plaintiffs, the Court finds that the balance tips in favor of a stay

and that judicial resources will be conserved as well as conflicting, parallel proceedings and

rulings avoided, by entering a stay. As in the case of the mandatory stay in the 1844 action and

the discretionary stay in the1858 action, the 1869 action will be dismissed without prejudice

5

with leave for Plaintiffs to re-instate the action, if necessary, within 60 days of the conclusion of the ITC proceeding.

Moving finally to the 1886 action, Defendant National Standard LLC asserts that the 1886 action involves claims of infringement of United States patents that are the same, related to or substantially similar to claims at issue in the ITC investigation and to the other cases filed by Plaintiffs pending before this Court. National Standard is not a respondent in the ITC proceeding, however, one of the patents alleged to be infringed in the ITC proceeding, U.S. Pat. No. 6,708,864 (the '864' patent), has been asserted against National Standard in the 1886 case. In addition, another patent that has been asserted against National Standard in this action, U.S. Pat. No. 6,820,454 (the '454' patent), is a divisional of the '864 patent and both name the same inventors and assignees and share substantially similar technical specification and overlapping claim language. The final patent asserted against National Standard, U.S. Pat. No. 6,745,899, (the '899' patent), covers a "Wire Payout," or a device for controlling the unwinding of a coil of wire from a wire drum. National Standard contends that the '899 patent covers similar technology as several patents asserted by Lincoln at the ITC, including U.S. Pat. No. 6,648,141, U.S. Patent No. 6,913,145, U.S. Patent No. 7,398,881, and U.S. Patent No., 7,410,111, which cover variations of retainer rings or payouts for controlling the uncoiling of weld wire. National Standard asserts that the ITC analysis of these patents may impact the scope and validity of the '899 patent.

National Standard notes that district courts, including courts in the Northern District of Ohio, have used their discretionary power to extend Section 1659 stays to claims against defendants that have not been named as respondents in the underlying ITC investigation. *See*

6

*Flexsys Americas*, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005); *Proxim Inc. v. 3Com Corp.*, 2003 WL 403348 (D.Del. 2003)(litigation was stayed to non-ITC respondents as well as to ITC respondents.) However, these cases are inapposite to the situation here.

Unlike the situation in the *Flexsys* case before Judge Gaughn where two of the primary infringers were subject to a mandatory stay, while the secondary infringers were not respondents in the ITC investigation, in this case National Standard is the only defendant in the 1886 action. There are no co-defendants who are subject to an ITC investigation. As an American company, National Standard is not subject to the jurisdiction of the ITC and none of its products are at issue in the ITC investigation. The Section 1659 stay is intended to protect accused infringers from the hardship of simultaneously defending infringement actions in two forums. In this case National Standard faces a single action in the only forum available to the patentee, federal court. As such, National Standard faces no hardship. The only possible reason for a stay would be some kind of judicial convenience, although the Court fails to see how delay of this single action would ease judicial resources or prevent confusion or overlap. The only overlap between the 1886 case and the ITC proceeding or the 1844 action is a single patent–the '864 patent. There is no rule requiring patentees to pursue all alleged infringers of a patent in one action. Indeed such a rule would be unworkable. For the same reason, it is doubtful that the 1886 action is related to the 1844 action. The Court will pursue the question of whether the 1886 action was properly transferred to this Court at the next status conference.

For these reasons the Court finds that National Standard has failed to demonstrate a need for a stay in the 1886 action and that the possible prejudice to Plaintiffs far exceeds any need for a stay. Accordingly, Defendant's Motion for a Discretionary Stay (ECF #14) is

denied.

## CONCLUSION

For the reasons set forth above, the Defendants' Motions for a Mandatory Stay are

GRANTED in Case Number 09 CV 1844 and Defendants' Motions for a Discretionary Stay in

Case Number 09 CV 1858 and 09 CV 1969 are granted. All three cases, 09 CV 1844, 09 CV

1858 and 09 CV 1869 are DISMISSED WITHOUT PREJUDICE with leave for Plaintiffs to

move to re-instate the actions if necessary within 60 days of the completion of the ITC

investigation. Defendant National Standard's Motion for a Discretionary Stay (ECF #14) in

Case Number 09 CV 1886 is denied.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: January 4, 2010